**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Royland RICE, Defendant—Appellant.**

No. 03–10214.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided June 29, 2004.

Michael Wang, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Mary Pougiales, Esq., Law Offices, San Rafael, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM ***

Royland Rice appeals the district court's refusal to suppress statements, including a confession, that he made to an interrogating FBI agent. Particularly, he argues that he invoked his *Miranda v. Arizona*,

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), right to counsel and that pursuant to *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the FBI should have ceased all questioning.

In *Davis v. United States,* 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), the Supreme Court held that a suspect must "unambiguously request counsel." *Id.* at 459, 114 S.Ct. 2350. If the request is ambiguous, the government is free to continue questioning a suspect without clarifying the invocation. *Id.* at 459–62, 114 S.Ct. 2350. Here, the FBI was free to continue questioning Rice, and did not need to clarify his request, because his request for counsel did not materially differ from the statement "[m]aybe I should talk to a lawyer" that was found ambiguous in *Davis. Id.* at 462, 114 S.Ct. 2350.

Rice waived his arguments that he invoked his right to silence and that he never originally waived his *Miranda* rights by raising these issues for the first time in his reply brief. *See United States v. Doe,* 170 F.3d 1162, 1166 n. 3 (9th Cir.1999).

Additionally, Rice complains that the district court should have held an evidentiary hearing before deciding against suppression and that the government violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Fed. R.Crim.P. 16(a)(1)(A) by failing to disclose "the true facts of the improper questioning that occurred after his *Miranda* invocation." Because we find Rice's invocation ambiguous, any error was harmless.

AFFIRMED.